# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

ANDREW GIFFORD                                                                    PLAINTIFF

v.                                            CIVIL ACTION NO. 3:11-CV-P118-H

BULLITT COUNTY JAIL *et al.*                                  DEFENDANTS

## MEMORANDUM AND ORDER

Plaintiff Andrew Gifford, who is currently incarcerated in the Eastern Kentucky Correctional Complex, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 against the Bullitt County Jail and two of its officers, Shockey and Plessinger, in their individual and official capacities. Plaintiff alleges that while in "the Hole," Defendants Shockey and Plessinger came into his cell. One of the officers sprayed mace on him while the other choked him leaving permanent scars on the back of his neck. He alleges excessive force by the officers and negligent hiring by the jail and seeks seeks damages and injunctive relief in the form of termination of Defendants' employment.

Under 28 U.S.C. § 1915A, when a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if it determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

*Injunctive relief*

An inmate's claim for injunctive relief regarding the conditions of his confinement becomes moot due to the inmate's release from confinement or transfer to another facility. *See Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (holding that a prisoner's claims for injunctive relief became moot after he was transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same). Because Plaintiff is no longer incarcerated at the Bullitt County Jail, where Defendants are employed, it is clear that he would derive no benefit from granting the requested injunctive relief. **IT IS THEREFORE ORDERED** that Plaintiff's claim for injunctive relief is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

***Section 1983 claims against the jail and official-capacity claims against the officers***

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official-capacity claims against Defendants Shockey and Plessinger, therefore, are actually against Bullitt County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

The claims against the Bullitt County Jail must also be brought against Bullitt County because the county is the real party in interest. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (since the county police department is not an entity which may be sued, the county is the proper party); *Smallwood v. Jefferson County Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (suit against Fiscal Court and Judge Executive is a suit against the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "Where a government 'custom has not received formal approval through the body's official decisionmaking channels,' such a custom may still be the subject of a § 1983 suit." *Alkire*, 330 F.3d at 815 (quoting *Monell*, 436 U.S. at 690-91). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body

3

under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff has not alleged that Defendants acted pursuant to a county policy or custom in causing his alleged harm. Rather, Plaintiff's complaint appears to be an isolated occurrence affecting only Plaintiff. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). Nothing in the complaint demonstrates that Defendants' actions occurred as a result of a policy or custom implemented or endorsed by Bullitt County. Accordingly, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim.

**IT IS THEREFORE ORDERED** that the § 1983 claims against the jail and official-capacity claims against Shockey and Plessinger are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

*Remaining claims*

Upon consideration, the Court will allow the § 1983 individual-capacity, excessive-force claim[1] for damages to continue against Officers Shockey and Plessinger and the state-law negligent hiring claim to proceed against the Bullitt County Jail.

---

[1] It is unclear whether Plaintiff, while at the Bullitt County Jail, was a pretrial detainee, in which case the Fourteenth Amendment would apply, or a convicted inmate, in which case the Eighth Amendment would apply.

The Court will enter a separate Scheduling Order governing the development of continuing claims.

Date:

cc: Plaintiff, *pro se*
 Defendants
 Bullitt County Attorney
4412.005