# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

ANDREW GIFFORD                                                       PLAINTIFF

v.                                            CIVIL ACTION NO. 3:11-CV-P118-H

BULLITT COUNTY JAIL *et al.*                                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

On initial review of the complaint pursuant to 28 U.S.C. § 1915A, the Court allowed the 42 U.S.C. § 1983, individual-capacity, excessive-force claim for damages to continue against Officers Shockey and Plessinger and the state-law negligent-hiring claim to proceed against Bullitt County Jail. By counsel, Defendants filed a motion for summary judgment alleging, in part, that Plaintiff has failed to exhaust available administrative remedies with respect to the federal claims as required by 42 U.S.C. § 1997e(a) (DN 31).[1]  As directed by the Court, Plaintiff filed a response regarding the exhaustion argument (DNs 42 & 43), and Defendants filed a reply (DN 44). Upon consideration of the filings and the relevant law, the Court will grant the motion for summary judgment for failure to exhaust available administrative remedies.

## I.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

---

[1] Defendants also moved for summary judgment on the merits, but due to outstanding discovery issues, the Court limited Plaintiff's response to the exhaustion issue and provided him with time to conduct discovery on that limited issue.

The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he or she has the burden of proof. *Id.* Once the moving party demonstrates this lack of evidence, the burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his case with respect to which he bears the burden of proof. *Id.* If the nonmoving party will bear the burden at trial on a dispositive issue, the nonmoving party must go beyond the pleadings and by his own affidavits, "or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted). If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Where the nonmoving party bears the burden of proof at trial, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990). The moving party, therefore, is "entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Id.* (internal quotation marks omitted).

**II.**

In the complaint, Plaintiff alleges that while in "the Hole," Defendants Shockey and Plessinger came into his cell.  One of the officers sprayed mace on him while the other choked him leaving permanent scars on the back of his neck.  He alleges excessive force by the officers and negligent hiring by the jail.

Under the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  "Exhaustion is no longer left to the discretion of the district court, but is mandatory."  *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)).  "An inmate exhausts a claim by taking advantage of each step the prison holds out for resolving the claim internally and by following the 'critical procedural rules' of the prison's grievance process to permit prison officials to review and, if necessary, correct the grievance 'on the merits' in the first instance."  *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) (quoting *Woodford v. Ngo*, 548 U.S. at 90).  "[E]xhaustion is required even if the prisoner subjectively believes the remedy is not available, even when the state cannot grant the particular relief requested, and 'even where [the prisoners] believe the procedure to be ineffectual or futile. . . . .'"  *Napier v. Laurel County, Ky.*, 636 F.3d 218, 222 (6th Cir. 2011) (citations omitted).  "[F]ailure to exhaust is an affirmative defense under the PLRA."  *Jones v. Bock*, 549 U.S. 199, 216 (2007).

Defendants argue that not only did Plaintiff fail to fully exhaust his administrative remedies, he failed even to begin the process.  They assert that the Bullitt County Detention Center (BCDC) had a grievance procedure in place during Plaintiff's incarceration at the facility

3

and that Plaintiff was aware of that procedure upon his booking into the facility as evidenced by a copy of an "Inmate Rights" form signed by Plaintiff, which Defendants attach to their motion (DN 31, Ex. B). The form describes BCDC's grievance procedure as follows:

> Inmates are allowed to submit grievances. A grievance form must be requested from an officer and submitted in writing. The grievance will advance through the ranks until a satisfactory resolution is achieved. The final step will be action from the Jailer, if that is unsatisfactory, you may write to Dept of Corrections, Director of Local Facilities, PO Box 2400, Frankfort, KY 40601.

*Id.* Defendants also attach an affidavit by BCBD Jailer Martha Knox, who denies that Plaintiff ever filed any grievance regarding any incident, or otherwise utilized the inmate grievance procedure of the BCDC during his incarceration at that facility. *Id.* (Ex. J).

In Plaintiff's unsworn response to the motion for summary judgment, Plaintiff claims that he did, in fact, exhaust administrative remedies through the grievance process. He explains:

> Plaintiff, while being held at [BCDC] gave his attourney Chip Rogalinski, one of the many grievances to insure it would be resolved in the proper manner. Attourney Chip Rogalinski spoke to the Jailer Martha Knox, in person, for possible transfer to the conflict he had with Officers Shockey and Plessinger. In regards to this conversation Attourney told plaintiff that Jailer Martha Knox refused to transfer him to another facility.

(DN 42). To his response, Plaintiff attaches a copy of the inmate grievance that Attorney Rogalinski, of the Department of Public Advocacy (DPA), recently sent Plaintiff from Plaintiff's DPA file (DN 43). The Inmate Grievance Form is signed by Plaintiff and dated November 19, 2010. Therein, Plaintiff alleges that he was physically assaulted by a BCDC officer on November 17, 2010. As pointed out by Defendants in their reply, however, the form is neither signed nor dated on the designated areas of the form by a receiving officer or anyone from the BCDC (DN 44). That part of the form is left blank.

4

The evidence submitted by Plaintiff fails to show that he initiated the grievance procedure with respect to the alleged assault by Defendant. Even if the Court were to accept that Plaintiff initiated the grievance process, he has not demonstrated that he completed the procedure through to the Jailer and/or the Dept. of Corrections. And Plaintiff's attorney's meeting in person with BCDC Jailer Knox does not extinguish Plaintiff's duty to exhaust.

Because Plaintiff has failed to contradict Defendants' evidence demonstrating that he failed to fully exhaust available administrative remedies, Defendants Shockey and Plessinger are entitled to judgment as a matter of law. Accordingly,

**IT IS ORDERED** that Defendants' motion for summary judgment (DN 31) is **GRANTED**. By separate Order, the Court will dismiss the federal, excessive-force claim asserted against Defendants Shockey and Plessinger.

As to the remaining state-law, negligent-hiring claim against the Bullitt County Jail, 28 U.S.C. § 1367(c) provides, in pertinent part, that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Having dismissed all federal claims over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining state-law claim. 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Consequently, that claim also will be dismissed by separate Order.

Date:

cc: Plaintiff, *pro se*
     Counsel of Record
4412.005